IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICE | CASE NO. 2:24-mj-509<br><br>Filed Under Seal |

## APPLICATION

The United States of America, moving by and through Assistant United States Attorney Elizabeth Geraghty, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and trap and trace devices ("pen-trap devices") on the following Meta Platforms Inc. account:

- Meta Platforms, INC. account username **cuzzduff and ID: 41149031** associated with Meta Platforms, INC. profile name **Cro**

(herein after referred to as the **TARGET ACCOUNT**) to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to and from the **TARGET ACCOUNT** as described in Attachment A, in connection with a criminal investigation conducted by the United States Marshals Service and the Bureau of Alcohol, Tobacco, Firearms and Explosives regarding possible violations of 18 U.S.C. § 1073. In support of this application, the United States asserts as follows:

## LEGAL BACKGROUND

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device. The Court may authorize the installation and use of pen-trap devices to collect prospective

dialing, routing, signaling and addressing information associated with wire and electronic communications, not including the contents of any communication, pursuant to 18 U.S.C. §§ 3122-24.  Based on the combined authority of these statutes, the United States seeks prospective location information and other dialing, routing, signaling and addressing information concerning communications originating or terminating from the **TARGET ACCOUNT**.

2. 18 U.S.C. § 3123(a)(1) gives the court the authority to authorize the installation and use of pen-trap devices anywhere within the United States, where the Court finds that an attorney for the Government has certified to the Court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation.  Under 18 U.S.C. § 3122(b), an application for the authorization of a pen-trap device must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.  The law enforcement agencies conducting the investigation are the United States Marshals Service and the Bureau of Alcohol, Tobacco, Firearms and Explosives.

4. In a subsequent section of this application, the applicant will certify that the information likely to be obtained through this order is relevant to this ongoing criminal investigation.

5. This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

6. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

7. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

8. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to communications sent over the Internet, as described below.

9. Meta Platforms, Inc. ("Meta") is a United States company that owns and operates the social media platform Meta Platforms, INC. and is the provider of an electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Users can access Meta Platforms, INC. and register for an account, like the **TARGET ACCOUNT** listed in Attachment

A, via its website, Meta Platforms, INC..com, or via its mobile applications, Meta Platforms, INC. and Meta Platforms, INC. Messenger.

10. After acquiring a Meta Platforms, INC. account, users can share messages with other Meta Platforms, INC. users and, if desired, with the general public. Messages shared via a user's Meta Platforms, INC. account can consist of user-generated text messages, user-uploaded photos or videos, and links to written news stories and other websites. Meta Platforms, INC. users can post these messages on the webpage associated with their Meta Platforms, INC. profile, and the user may use Meta Platforms, INC.'s privacy settings to control what audience (*e.g.,* the general public, only friends) may see these posts. Alternatively, users may post messages directly to another Meta Platforms, INC. user's profile or a profile associated with a Meta Platforms, INC. "group," "page," or "event."

11. Meta Platforms, INC. also enables users to exchange private messages with other Meta Platforms, INC. users via its website or via the use of the Meta Platforms, INC. Messenger application. Messages may be purely text-based or may contain attachments such as photos, a video, or an audio recording. In addition, users can make voice and video calls through the Meta Platforms, INC. Messenger service. Private messages and calls sent via Meta Platforms, INC. cannot be viewed by any user who is not a party to the communication.

12. Meta Platforms, INC. users must utilize an Internet-connected device, such as a smartphone or laptop computer, to communicate with Meta servers in order to send or receive messages via the Meta Platforms, INC. platform as described above.

13. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one Internet-connected device (such as a smartphone or laptop

computer) requests information from a second device (such as a Meta server), the requesting device specifies its own IP address so that the responding device knows where to send its response. In other words, when a user logs into their Meta Platforms, INC. account or takes an action while logged in (*e.g.,* uploading a photograph), the user's device transmits the IP address assigned to it to Meta servers as part of its communication. This IP address is analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the online identity of the communicating device without revealing the communication's content.

14. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header, which contains routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size. Source and destination port numbers are also included in specific fields within the headers of data packets and are used to route data packets either to a specific device or a specific process running on a device. When combined with the source and destination IP addresses, this routing information can identify the source device transmitting an IP packet and the destination device receiving the IP packet, and it is possible to record it via a pen/trap device without capturing the communication's content.

15. When users send and receive communications to each other via the Meta Platforms, INC. platform, additional non-content dialing, routing, addressing, and signaling information may be generated. This information will typically include the source and destination of the Meta Platforms, INC.-based communication (*e.g.*, what Meta Platforms, INC. user sent the

message and which Meta Platforms, INC. user or page received the message), the date and time of the communication, and the type of Meta Platforms, INC.-based communication (*e.g.*, Meta Platforms, INC. Messenger chat or call). It is possible to collect this information with a pen/trap device.

16. The conduct being investigated involves use of the Meta Platforms, INC. **TARGET ACCOUNT** described in Attachment A. To further the investigation, investigators seek to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the account(s).

## **RELEVANT FACTS**

17. The United States Government, the United States Marshals Service, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, is investigating the violation of Title 18 U.S.C. § 922(g)(1) and 924(a)(8). On 5/14/2024, an Arrest Warrant was issued by the United States District Court for the Southern District of Ohio for Mar-Kaelon D. DUFFY-HOWARD. The investigation concerns possible violations of the target subject, who is believed to utilize the **TARGET ACCOUNT,** to avoid prosecution of crimes within the United States, in violation of Title 18 U.S.C. § 922(g)(1) and 924(a)(8) (hereinafter collectively referred to as the **TARGET OFFENSE**). DUFFY-HOWARD believed to currently be within the Southern District of Ohio. The **TARGET ACCOUNT** depicts imagines, videos and information of DUFFY-HOWARD.

18. The investigation relates to the **TARGET OFFENSE** which has been committed and/or will continue to be committed within the Southern District of Ohio. Investigators believe that matters relevant to the **TARGET OFFENSE** under investigation have been, and continue to be, discussed using the **TARGET ACCOUNT**.

19. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap is relevant to the ongoing criminal investigation being conducted by the United States Government, the United States Marshals Service, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, as required by 18 U.S.C. § 3122(b)(2). Similarly, the facts set forth above show that there are reasonable grounds to believe that the records and information sought herein are relevant and material to an ongoing criminal investigation, as required by 18 U.S.C. § 2703(d). Specifically, this information will help the United States identify and locate the individual(s) who is responsible for the **TARGET OFFENSE** described above and determine the nature and scope of their activities.

## GOVERNMENT REQUESTS

20. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen/trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication (including but not limited to account logins; posts and comments on a Meta Platforms, INC. profile or webpage; photo or video uploads; direct/private messages; and Meta Platforms, INC. chats, calls, and video calls) to or from the Meta Platforms, INC. **TARGET ACCOUNT** described in Attachment A, including, without geographic limit: the date and time of the communication; source and destination information (including account and device identifiers and login and transactional IP addresses with associated port numbers); and any other header or routing information. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

21.     The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

22.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Meta Platforms. Inc. and any other person or entity providing electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service.  Any entity providing such assistance shall be reasonably compensated by the United States Marshals Service pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

23.     The United States further requests that Meta Platforms. Inc. and any other person or entity whose assistance may facilitate execution of this Order provide such necessary information, facilities, and technical assistance so that the United States Marshals Service begins to receive the information described above as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

24.     The United States further requests that the Court order Meta Platforms. Inc. and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the United States Marshals Service before terminating or changing service to the **TARGET ACCOUNT** described in Attachment A.

25.     The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order Meta Platforms. Inc. and any other person or entity whose assistance facilitates

execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that Meta Platforms. Inc. may disclose this Order to an attorney for Meta Platforms. Inc. for the purpose of receiving legal advice.

26. The United States further requests that the Court order that this application and any resulting order be sealed until October 11, 2025, or further order of the Court. *See* 18 U.S.C. § 3123(d)(1). As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their disclosure may seriously jeopardize that investigation.

27. The foregoing is based on information provided to me in my personal capacity by agents of the United States Marshals Service.

28. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with one certified copy of this application and Order, and one copy of this Order to the United States Marshals Service and Meta Platforms. Inc. upon request.

29. The foregoing is based on information provided to me in my official capacity by agents of the United States Marshals Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2024.

<div style="margin-left: 40%;">

KENNETH L. PARKER
UNITED STATES ATTORNEY

*/s/ E. Geraghty*

_____
Elizabeth Geraghty
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Phone No.: (614) 255-1516
Fax No.: (614) 469-5653
Email: egeraghty@usa.doj.gov

</div>

## ATTACHMENT A

Meta Platforms, Inc.

| Type of facility | Number or identifier | Subscriber/customer name, if known | Identity of subject of criminal investigation, if known |
|---|---|---|---|
| Meta Platforms, INC. Account | 41149031 or Cro 🐦 ⬛ | cuzzduff | Mar-Kaelon D. Duffy-Howard |